UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HON LAU, | ) | 1:10-cv—02199-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER TRANSFERRING CASE |
| | ) | PURSUANT TO 28 U.S.C. § 1631 |
| v. | ) | |
| | ) | |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is the petition, which was filed on November 29, 2010.

I.  Background

Petitioner, an inmate of Kern Valley State Prison, alleges that he is innocent of the murder of which he was convicted in 2003 in the Los Angeles Superior Court and for which he is serving a life sentence.  Petitioner asserts a right to have counsel appointed in order to obtain DNA testing.  He is thus challenging his Los Angeles County conviction of murder.

///

1

II. <u>Transfer of the Petition</u>

Title 28 U.S.C. § 2241(d) provides as follows which respect to venue, jurisdiction and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, <u>Laue v. Nelson</u>, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989). A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that "a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

1    Title 28 U.S.C. § 1631 provides that if a civil action is
2 filed in a court that lacks jurisdiction, the court shall, if it
3 is in the interest of justice, transfer such action to any other
4 court in which the action could have been brought at the time it
5 was filed or noticed, and the action shall proceed as if it had
6 been filed in or noticed for the court to which it is transferred
7 on the date upon which it was actually filed in or noticed for
8 the court from which it is transferred.
9    Here, the Court takes judicial notice[1] of the decision and
10 judgment of the United States District Court for the Central
11 District of California constituting a decision on the merits in a
12 habeas proceeding in which Petitioner challenged his murder
13 conviction, which was entitled <u>Hon C. Lau v. Derral G. Adams</u>,
14 2:06-cv-06989-JSL-FMO.  On February 23, 2009, the court denied
15 the petition.  (Docs. 34, 40, 41.)
16    The instant petition appears to be a second or successive
17 petition barred by 28 U.S.C. § 2244(b)(1)-(2).  Therefore, this
18 Court lacks jurisdiction over the instant petition, and the case
19 should be transferred pursuant to 28 U.S.C. § 1631.
20    Accordingly, IT IS ORDERED that the petition be transferred
21 to the United States District Court for the Central District of
22 California.
23 IT IS SO ORDERED.
24 **Dated:    December 6, 2010**            /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] The Court may take judicial notice of court records.  Fed. R. Evid. 201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993); <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).